## Boot and Bentley *against* Franklin.

THIS was an action of *assumpsit*, by the indorsee against the drawer of a bill of exchange. The bill was drawn in favour of *Franklin, Robinson & Co.* on Messrs. *Rathbone, Hughes & Duncan*, of *Liverpool*, payable in *London*, being similar to the one mentioned in the preceding case.

The declaration, after stating a presentment to the drawees at *Liverpool*, their refusal to accept and the consequent protest, proceeded as follows : " That afterwards, to wit, on the 5th of *November*, 1807, being the day on which the said bill became payable, according to the custom of merchants at *London*, the plaintiffs not having received payment of the said bill or any part thereof, and not knowing where to present the same for payment in *London* aforesaid, where the same is made payable, they caused the said bill to be protested for non-payment at *London*, according to the said custom of merchants ; of all which said premises the said defendants afterwards, to wit, on the 30th of *December*, 1807, at the city of *New-York*, had notice. By reason whereof," &c.

Where a bill was drawn on a person residing at *Liverpool*, payable in *London*, and after being protested for nonacceptance at *Liverpool*, was protested at *London* for nonpayment, and the declaration stated, " that the bill not being paid, and the holders not knowing where to present the same for payment in *London*, caused the same to be protested," &c. it was held, that the protest for non-payment was sufficient, and where no place of payment in *London* was specified in the bill, the holder was not bound to make any inquiry after the drawee there. A general averment of notice of all the premises in a declaration on a bill is sufficient.

NEW-YORK,
May, 1808.

Boot & Bentley
v.
Franklin.

There was a special demurrer to the declaration, and joinder in demurrer.

*Colden*, in support of the demurrer. 1. There is not a sufficient averment in the declaration of notice to the defendant of the protest for non-acceptance and non-payment.

2. The plaintiffs ought to have shown that they presented the bill for payment, or made some inquiry after the drawees in *London*, and that they, or any person in their behalf, could not be found there. It would be attended with great inconvenience, if the holder, of a bill payable at a particular place, might be allowed to say that he did not know where to find the drawee, and, therefore, caused it to be protested, and so look to the drawer for the amount, with damages. He ought to state at least, that he made some inquiry, that he used due diligence to find the drawee.

*Boyd*, contra. 1. There is a sufficient allegation of notice in the declaration. After setting forth the presentment for acceptance, and protest, and the subsequent protest for non-payment, it says, " of all which premises the said defendant had notice," &c. This is according to approved precedents to be found in the books.*

* *Chitty*, 2d ed. 331. *Bayley*, 100.

2. After the bill had been refused acceptance by the drawees who lived at *Liverpool*, it was useless to inquire for them in *London*. To whom, or at what place in *London*, was the holder to present the bill for payment? *Marius*† says, that where a bill is drawn on a person in *Southampton*, payable in *London*, and is refused acceptance by the drawee, to whom it has been presented at *Southampton*, it may be either protested at *Southampton*, or at *London* for non-acceptance, and though the holder, when the bill becomes due, must present it for payment in *London*, according to the tenor of the bill, yet if a particular house be not expressed, but only that the bill is payable in *London*, the holder may, if the money is not brought to him in three days after the bill is due, cause it to be protested for non-payment in *London*, in the usual manner. It is no where said, that in such a case the

† *Advice concerning bills, &c.* 26.

holder is bound to make inquiry after the drawee at any particular place. In the case of *Stark* v. *Cheesman*,* it was objected, that the declaration merely stated that the drawee could not be found, without showing that inquiry had been made after him; but it was held, that it was according to the custom of merchants, and that it was not necessary to state that the holder made inquiry after the drawee.

NEW-YORK,
May, 1808.

Boot & Bentley
v.
Franklin.

* *Carth.* 509.

*Harison*, in reply. In the case from *Carthew*, there was a motion in arrest of judgment after verdict, and when the declaration stated that the drawee was not to be found, the court might intend, that it was after a reasonable inquiry. All the writers on bills of exchange, and *Marius* among the rest, say that a bill must be presented where it is made payable, and it ought to be shown that some attempt at least has been made to find the drawee there.

KENT, Ch. J. delivered the opinion of the court. The declaration in this suit varies from the one in the former cause, in these particulars only, viz. it states that after the bill was protested at *Liverpool* for non-acceptance, it was, when payable, protested at *London* for non-payment, with an averment that the holders did not know where to present the same for payment in *London;* and it then avers, that of all the premises the defendant had notice.

The special demurrer to this declaration states that the plaintiffs have not alleged that the bill was presented to the drawees for payment, nor that the plaintiffs endeavoured to find the drawees, or made inquiry, or search for them.

Upon the argument, the declaration was objected to as bad, in matter of substance, for the want of a distinct averment that the defendant had notice of the non-acceptance. The answer to this objection is, that the general averment of notice of all the antecedent premises was sufficient, and is conformable to approved precedents. The reasonableness of the notice, either of the

NEW-YORK,
May, 1808.

non-acceptance or non-payment, is a question that cannot arise upon the pleadings. It depends upon the testimony to be disclosed at the trial. The other objection stated as a cause of demurrer, has been anticipated, in a great measure, by what was observed in the former case. It was not incumbent upon the plaintiffs to state that inquiry was made in *London* for the drawees : *lex neminem cogit ad vana seu inutilia.* No place in *London* being pointed out to which the holders might resort, and the drawees residing at *Liverpool*, an attempt to search for them in such a city as *London*, would have been without any object or effect. Nor were the holders bound to go elsewhere, to seek the drawees, as the bill had directed the payment to be in *London.* They conformed their conduct to the tenor of the bill. They were in *London* on the day of payment, ready to receive payment, and they did all that they were enabled to do ; they caused the bill to be there protested. The declaration in this case also states sufficient to entitle the plaintiffs to recover.

<div align="right">

Judgment for the plaintiffs.