(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

BILLS AND NOTES (§ 403*)—PRESENTATION FOR PAYMENT—"PLACE" FOR PRESENTATION.

Where a note is made payable at a designated branch office of a trust company, maintaining a principal office and several branches in the same county, presentation at the principal office of the trust company on the

---

due date of the note and at the designated branch after banking hours on the day following is not sufficient as against an indorser, under Negotiable Instrument Law (Laws 1897, p. 736, c. 612) § 133, providing for presentment for payment at the "place" of payment specified; a "place" not meaning an individual, corporation, or institution.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1081–1090; Dec. Dig. § 403.*

For other definitions, see Words and Phrases, vol. 6, pp. 5383–5388; vol. 8, pp. 7754, 7755.]

Appeal from Trial Term, Kings County.

Action by the Ironclad Manufacturing Company against Bonet Sackin and others. From a judgment of the Trial Term (59 Misc. Rep. 281, 110 N. Y. Supp. 161) in favor of plaintiff, defendant Bonet Sackin appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Jacob W. Kahn, for appellant.

Joseph M. Proskauer (Abram I. Elkus, on the brief), for respondent.

HOOKER, J. The question here, whose decision determines the controversy, is whether the presentment of the note in suit was adequate and proper. The note became due on October 23d, and was by its terms made payable at the Jenkins Trust Company, Bath Beach Branch, Brooklyn. The Jenkins Trust Company maintained principal offices in the business section of the borough of Brooklyn, and branches outside, one at Coney Island and one at Bath Beach. Presentment was not made at the Bath Beach Branch until October 24th, after banking hours.

The plaintiff claims that presentment at the principal office of the trust company on the date due was sufficient. The indorser maintains the contrary. Section 133 of the negotiable instrument law (Laws 1897, p. 736, c. 612) provides:

"Presentment for payment is made at the proper place: (1) Where a place of payment is specified in the instrument and it is there presented."

It must be observed in reference to this statute that it mentions "a place of payment," and a place does not mean an individual, a corporation, or institution. · The Bath Beach Branch of the Jenkins Trust Company, as those words were used in the instrument, referred to the place of payment, and not the corporation, and the place was the spot where the Bath Beach Branch of the trust company was accustomed to transact its business.

We do not understand that the common law, as interpreted in this state, has been modified in this particular by the enactment of the negotiable instrument law. In Brooks v. Higby, 11 Hun, 235, decided before the passage of that law, it appeared that in an action upon a draft upon one Mills, "care of Morgan, Stoddard & Co., No. 114 South Main street, St. Louis, Mo.," the indorsers urged that it had not been presented for payment and protested. The plaintiff established on the trial a certificate of a notary which stated that he had presented the

draft "at the place of business of N. F. Mills, St. Louis, to the person in charge thereof." Mills had two places of business in St. Louis, one of which was at 114 South Main street. It was decided that the certificate failed to show that the draft was presented at the place where it was made payable. The place where the Bath Beach Branch of the trust company did business was not the place where the principal offices of the trust company, at which the note was presented on the due date, were maintained. It therefore was not presented at the place designated for its payment, and there was no sufficient presentment to charge indorsers.

The judgment must therefore be reversed, with costs.

Judgment reversed, and new trial granted; costs to abide the event. All concur.