[No. 16223.   Department Two.   March 24, 1921.]

V. A. Fosdick, *Respondent,* v. Government Mineral Springs Hotel Company *et al., Appellants.*[1]

Bills and Notes (104, 105)—Actions — Pleading — Complaint— Sufficiency. In an action upon a promissory note, upon which no protest was necessary under Rem. Code, § 3508, a complaint alleging that "plaintiff caused due and regular demand for payment to be made upon the defendants and all of them" imports a performance of the statutory requirements and is sufficient as against general demurrer.

Same (76) — Presentment — Notice of Dishonor — Necessity. Where, at the maturity of a note, a new note was executed by the maker, who had become insolvent, and by the same indorsers as on the original note, the latter were accommodation indorsers, who under Rem. Code, § 3505, would not be entitled to notice of dishonor.

Same (76). Presentment of a promissory note for payment is unnecessary to bind indorsers, under Rem. Code, § 3471, where they knew that the maker was in no financial condition to meet the note.

Same (91)—Actions—Title to Sustain Action. The assignment of a note for collection only, without parting with title by indorsement or otherwise, would not prejudice the right of the owner to maintain action thereon where it was returned to his possession unpaid.

Appeal from a judgment of the superior court for Skamania county, Darch, J., entered September 7, 1920, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Crass & Hardin,* for appellants.

*Miller, Wilkinson & Miller,* for respondent.

Tolman, J.—This is an action on a promissory note, brought by respondent as plaintiff against the Government Mineral Springs Hotel Company, a corporation, as maker and against the appellants as indorsers.

[1]Reported in 196 Pac. 652.

From a judgment as prayed for, the indorsers have appealed.

Appellants demurred to the second amended complaint, on which the action was tried, upon the ground that it contained no allegation that the note had been presented for payment, or notice of dishonor given, and assign error upon the action of the trial court in overruling their demurrer.

This being an inland bill, no protest was necessary (Rem. Code, § 3508); and the allegations of the complaint, "This plaintiff caused due and regular demand for payment to be made upon the defendants and all of them," imports a performance of the statutory requirements, and was sufficient as against a general demurrer.

It is next contended that a nonsuit should have been granted because the respondent's evidence failed to show a sufficient notice of dishonor and demand upon the indorsers. There was sufficient competent evidence to show that, prior to the execution of the note sued upon, and at the time the loan was originally made, a like note was executed and indorsed by the same parties, and at the time this original note became due, the present note was executed and indorsed, and was delivered to respondent in consideration of the surrender by him of the original note, it being practically admitted that at that time the corporation maker was unable to pay, and was to all intents and purposes insolvent. Under these conditions, it is plain that the new note was made, indorsed by appellants, and accepted by the respondent for the accommodation of the indorsers, and the statute, Rem. Code, § 3505, applies, which reads:

"When indorsers not entitled to notice. Notice of dishonor is not required to be given to an indorser in either of the following cases: . . . (3) Where the

instrument is made or accepted for his accommodation."

It is also plain that the financial condition of the maker was, at all times during the life of the note sued upon, such as to negative the possibility of payment by it, and therefore the indorsers could not have expected that presentation to it would have availed anything; and Rem. Code, § 3471, also applies:

"Presentation unnecessary to charge indorser, when. Presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if presented."

The further point is made that the evidence showed respondent had assigned the note prior to the commencement of this action. We do not think the evidence susceptible of this construction. The instrument upon which appellants base this contention is in writing, is in evidence, and clearly states that the purported assignment was made for purposes of collection only, and the instrument as a whole shows that respondent did not, at any time, part with his interest in the note. Collection not having been made under the terms of the written instrument referred to, and the note being in the possession of respondent, with no evidence that he had ever indorsed it, title was presumptively in him.

We find no error and the judgment is affirmed.

Parker, C. J., Mitchell, Main, and Mount, JJ., concur.