A. N. PHILLIPS *v.* JOHN CUNNINGHAM, *et al.*[*]

(*Jackson.*    April Term, 1923.)

1. **BILLS AND NOTES.** Presence of note in bank where payable on date of maturity held sufficient presentment.

Where a note payable at a particular bank was put in that bank by the payee for collection before maturity, and remained there awaiting payment until after banking hours on the day it matured, *held*, that there had been a sufficient presentment. (*Post, p.* 166.)

Case cited and approved. State Bank v. Napier, 25 Tenn., 270.

2. **BILLS AND NOTES.** Letter posted day after maturity held adequate notice of dishonor.

A letter posted at the place where a note was payable on the day after it matured and addressed to an indorser in another city *held*, under Thompson's-Shannon's Code, section 3516a95, an andequate notice of dishonor. (*Post, p.* 166.)

Code cited and construed: Sec. 3516a95 (T.-S.).

3. **BILLS AND NOTES.** Bank having note for collection is entitled to give notice of dishonor.

Under Thompson's-Shannon's Code, section 3516a89, a bank having a note for collection is a holder thereof entitled to give notice of dishonor. (*Post, pp.* 166, 167.)

Case cited and approved: Butler v. Duval, 12 Tenn., 265.

Code cited and construed: Sec. 3516a89 (T.-S.).

4. **BILLS AND NOTES.** Notary as agent of collecting bank may give notice of dishonor.

Under Thompson's-Shannon's Code, section 3516a90, notice of dishonor of a note may be given by an agent of any party entitled to

---

[*]On liability of bank to depositor for dishonoring check see notes in 4 A. L. R., 947, and 13 A. L. R., 305.

give notice, and a notary who was agent of the collecting bank might give such notice.  (*Post, p.* 167.)

Case cited and approved: Warren v. Gilman, 17 Me., 360.

Code cited and construed:  Sec. 3516a90  (T.-S.)..

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— HON. F. H. HEISKELL, Chancellor.

CAREY & VORDER BRUGGE, for appellant.

A. B. KNIPMEYER, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the payee of a promissory note to recover thereon brought against the maker and accommodation indorser.   There was a decree below against both defendants, from which the indorser has appealed.

The indorser defends upon the ground that the note was not duly presented for payment on the day of its maturity. This contention is based upon certain language contained in the notary's certificate of protest.   The note was protested the day after it matured and notice mailed to the indorser.   Certain language used in the certificate of protest would seem to indicate that presentment was made on the same day that protest was made and notice given.

The deposition of the notary was taken, and she testified that she presented the note for payment to the

cashier of the bank at which it was payable on the day it was due, and on the next morning protested it and gave notice of dishonor to the indorser by first mail. This testimony appears to have been excepted to, but the chancellor overruled these exceptions, and assignments of error are based on this action.

The indorser took a bill of exceptions, showing his objections to evidence and the rulings of the chancellor, but this bill of exceptions does not seem to have been signed by the chancellor. We may, however, overlook the condition of the record, and for the purposes of this case concede that the notary should not have been allowed to impeach her own certificate. The result will still be the same.

This is so because the presentment by the notary was a work of supererogation. The note was payable at a Memphis bank. It was put in this bank by the payee for collection some time before it fell due. The note remained in the bank awaiting payment until after banking hours on the day it matured. This was sufficient presentment. It was so held by this court in *State Bank* v. *Napier*, 6 Humph. (25 Tenn.), 270, 44 Am. Dec., 308. See also, 8 C. J., 558; note, 13 L. R. A. (N. S.), 303, 305.

The notary testifies that she took the note in the bank about four o'clock on the day it fell due and formally presented it to the cashier for payment. This, however, was unnecessary, and it is immaterial whether her evidence to this effect be excluded or not.

As stated, the note was payable in Memphis. The indorser lived in Galloway, Tenn. Adequate notice of dishonor was given to the indorser by letter posted in the

mail at Memphis on the day after the note matured. See Thompson's-Shannon's Code, section 3516a95.

A bank having a note for collection is a holder thereof entitled to give notice. *Butler* v. *Duval,* 4 Yerg. (12 Tenn.) 265; 8 C. J., 649. See Thompson's-Shannon's Code, section 3516a89.

Notice of dishonor may be given by an agent of any party entitled to give notice. Thompson's-Shannon's Code, section 3516a90.

The notary here who gave the notice was an agent of the collecting bank. *Warren* v. *Gilman,* 17 Me., 360.

For the reasons stated there was no error in the decree of the chancellor, and it will be affirmed.

*State Bank* v. *Napier,* and *Butler* v. *Duval,* supra, were of course decided long prior to the Negotiable Instruments Act. There is nothing in this statute, however, that conflicts with those cases, and they are in accord with decisions in other jurisdictions.