[No. 18433. Department One. March 27, 1924.]

GEORGE H. BLACK, *Respondent,* v. EMPORIUM DRY GOODS COMPANY *et al., Defendants,* MAUDE I. WEIR, *Appellant.*[1]

BILLS AND NOTES (76) — PRESENTMENT — NOTICE OF DISHONOR — NECESSITY. An indorser is discharged by failure to give her notice of dishonor, under Rem. Comp. Stat., §§ 3462, 3479; notwithstanding the insolvency of the maker when due, and Id., § 3471, providing that, to charge an accommodated indorser, presentment is not necessary if he had no reason to expect that the instrument would be paid if presented, where it does not appear that the maker was insolvent when the note was given.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered June 12, 1923, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Reversed.

*Stephens & Jack,* for appellant.

*Chas. A. Gram* and *Neil C. Bardsley,* for respondent.

MACKINTOSH, J.—The defendant corporation was the maker of a promissory note payable to the plaintiff and indorsed by the deceased, Robert Weir, then

[1]Reported in 224 Pac. 591.

husband of the appellant. This suit was brought upon the note against the maker and indorser, and judgment was made for the plaintiff.

The note was dated January 11, 1920, and was for ninety days. The defense on behalf of the appellant was that the deceased had had no notice of dishonor or non-payment by the maker, therefore the indorser could not be held liable. The testimony showed that the note had been presented to the maker for payment, but we are satisfied from an examination of the record that no notice of dishonor had been given to the indorser, and he was therefore discharged from liability.

Section 3462, Rem. Comp. Stat. [P. C. § 4142], provides:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due. Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

Section 3479, Rem. Comp. Stat. [P. C. § 4160], provides:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

It is claimed by the respondent that it was not necessary to give notice of the dishonor to the indorser, for the reason that the note was made for the indorser's accommodation. Section 3505, Rem. Comp. Stat. [P. C. § 4186], reads:

"Notice of dishonor is not required to be given to an indorser in either of the following cases— . . .

3. Where the instrument was made or accepted for his accommodation."

Section 3471, Rem Comp. Stat. [P. C. § 4151], is:

"Presentation for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if presented."

This claim is based upon the holding in *Fosdick v. Government Mineral Springs Hotel Co.,* 115 Wash. 127, 196 Pac. 652, a case in which the maker of a note was insolvent at the time of its making, and it was therefore apparent that the indorser had "no reason to expect the instrument would be paid if presented." The record does not disclose any such condition here. There is some slight evidence that at the time the note became due the maker was not in position to pay it and may have been insolvent, but the record is entirely barren of any evidence showing that, at the time the note was given, the maker was in that condition, and therefore the ruling in the *Fosdick* case has no applicability here. No notice of dishonor having been given to the indorser, it is unnecessary to discuss the question which is raised as to the admissibility of a transaction had with a deceased person, under § 1211, Rem. Comp. Stat. [P. C. § 7722].

The judgment is reversed and the action dismissed as to the appellant.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.