O. L. ENGEN, as Receiver of Citizens State Bank of Edgeley, Respondent, v. MEDBERRY FARMERS EQUITY ELEVATOR COMPANY, a Corporation, et al. N. J. PAULSON and A. H. Carow, Appellants.

(39 A.L.R. 915, 203 N. W. 182.)

**Bills and notes — irregular indorser of note is entitled to rights of regular indorser pertaining to presentment, protest and notice of protest.**

1. An irregular endorser of a negotiable promissory note is entitled to the rights of a regular endorser, under §§ 6955–6959, Comp. Laws, 1913 (§§ 70 to 74, Uniform Negotiable Instrument Law), pertaining to presentment, protest, and notice of protest.

**Bills and notes — note payable in named village without designating particular place sufficiently presented so as to charge indorsers when in possession of notary therein with authority to receive payment.**

2. A negotiable promissory note, payable in a named village, but without designating any particular place within the village, is sufficiently presented, so as to charge endorsers, when it is in the possession of a notary in the place named with authority to receive payment, and to protest it for non-payment, the maker not having any place of business or residence within the place named in the note.

Opinion filed March 11, 1925.

Bills and Notes, 8 C. J. § 122 p. 76 n. 28; § 739 p. 525 n. 32, p. 526 n. 49 New; § 767 p. 553 n. 43; § 768 p. 553 n, 45; § 775 p. 558 n. 81; § 776 p. 559 n. 91; § 1324 p. 1016 n. 43.

---

Note.—(1) Rights of irregular endorser of negotiable paper, see 3 R. C. L. 1178.

(2) What amounts to presentation to charge parties secondarily liable on paper payable in a certain town or city, without further specification of place, see annotation in 30 A.L.R. 918; 3 R. C. L. 1200.

Appeal from the District Court of La Moure County, *Englert,* J. Affirmed.

*A. G. Porter* and *Hutchinson & Lynch,* for appellants.

An indorsement of a promissory note creates no liability of itself, and that the note must be presented to the maker and notice of dishonor given the indorser before such indorser is liable. A. B. Farquhar Co. v. Higham, 16 N. D. 106; 8 C. J. p. 285, § 447; Lincoln First Nat. Bank v. Sandmeyer, 164 Ill. App. 98; Louisville First Nat. Bank v. Bickel, 143 Ky. 754.

Where directors of a corporation indorse a note executed by the corporation, their status is that of indorsers. 1 Joyce, Defenses to Com. Paper, 2d ed. p. 103, § 61; Mechanic v. Elgee Iron Works, 163 N. Y. Supp. 97; Murray v. Third Nat. Bank, 234 Fed. 481; Crane v. Downes (Kan.) 196 Pac. 600; Mercantile Trust Co. v. Donk (Mo.) 178 S. W. 113.

*O. S. Gunderson, Conmy, Young & Burnett* and *E. Sgutt,* for respondent.

"The certificate of the notary of the protest of negotiable paper constitutes prima facie evidence of all the facts stated therein, and if they show presentment and demand of payment at the time and place and within the proper hours of the day of payment, and refusal of payment, and notice thereof mailed on the same day after such dishonor of the paper, in sealed envelope properly addressed to the drawer or indorser thereof, directed to the place of residence of such drawer or indorser, such facts constitute in law due protest of the paper, sufficient to bind such drawer of indorser for payment thereof." Thorn v. Aler (W. Va.) 114 S. E. 741.

"An accommodation indorser of a negotiable instrument, who indorses the same in blank, not for the purpose of negotiation or to transfer the title, but for the purpose of strengthening the credit of the maker, is not such an indorser as is entitled to notice of nonpayment and protest in order to make him liable." Mayer v. Thomas (Ga.) 25 S. E. 761.

"A stockholder of a corporation who, with other stockholders, indorsed a note before delivery, given to raise money for it and for their own benefit, and who understood that the note bound all the indorsing

stockholders equally, was liable as a joint maker, and not entitled to notice of dishonor." Memphis v. Busby (Tenn.) 113 N. W. 390.

"A stockholder of a corporation, who indorsed before delivery, a note made by another corporation, is not entitled to notice of dishonor, because the note was made for his own benefit." Whitley, Bills, Notes & Checks 273; Luckenback v. McDonals, 164 Fed. 296.

"Those who indorse a note at the time it is executed by the maker, and for the same consideration, are joint makers, and may be sued immediately on default of the maker. without any proceeding having been taken against him." Hodges v. Collison (Ark.) 172 S. W. 1147; Jones v. Pine Bluff Bank (Ark.) 96 S. W. 1060.

JOHNSON, J. Plaintiff, as receiver of the Citizens State Bank of Edgeley, brought suit against the appellants on a promissory note executed by the Medberry Elevator Company of Medberry, North Dakota, as maker. The appellants, with others who do not appeal, endorsed the note in suit before delivery. The note evidenced a loan of $5,000.00 simultaneously made to the elevator company. The maker's place of business was at Medberry. The defendants answered separately specifically denying the allegations of the complaint. In the sixth paragraph of the complaint it was alleged that the note was duly presented for payment and that payment was refused by the maker; that thereupon the note was duly protested for non-payment and written notice given the endorsers.

The essential facts were stipulated, as alleged, except as to presentment and notice of dishonor. At the conclusion of the trial the defendants moved to dismiss the action upon the ground that plaintiff had failed to prove due presentment; the plaintiff then requested the court to direct a verdict, whereupon the case was withdrawn from the jury. Later a judgment was ordered and entered for the plaintiff for the amount of the note, with interest.

The court made no findings of fact; no objection is raised on this score. A memorandum decision was filed, but whether the trial court was of the opinion that a legal and sufficient presentment of the note had been proved, is not clear. It seems to have been the view of the court, that because the defendants were officers and stockholders of the Medford El. Co., and assisted in procuring the loan for it, no

presentment was necessary. This conclusion appears to rest largely on the case of Fosdick v. Government Mineral Springs Hotel Co. 115 Wash. 127, 196 Pac. 652.

The principal contention of the appellants is that the evidence shows; first, that the appealing defendants endorsed the note in suit before it was delivered to the bank which thereafter closed, and, therefore, are endorsers within the provisions of §§ 63 and 64 of the Negotiable Instruments Law, being §§ 6948 and 6949, Comp. Laws, 1913; second, since defendants were liable, if at all, as endorsers, it was the duty of the holder to present the note for payment to the person primarily liable, in the manner prescribed in the Negotiable Instruments Law, due notice thereof. The appellants contend that the evidence fails to show presentment and that, therefore, they are not liable.

Respondent contends that the irregular endorser, under §§ 63 and 64, of the Negotiable Instruments Law, is not entitled to notice of non-payment and protest; that presentment for payment is not necessary in order to hold him; that if such presentment be necessary, the evidence in the instant case sufficiently shows a presentment.

The note is in the ordinary form and does not contain a waiver of notice of protest or of presentment for payment. It is payable "at Edgeley." It was protested at that place on the 15th of March, 1921. The notarial certificate recites that the notary on that date "did present the original note which is hereto attached for $5,000.00 accrued interest thereon $400.00, dated March 15, 1920, number 7078, and demanded payment on said note which was refused, unable to meet it . . . ." The certificate then alleges the facts showing that notice of dishonor was given all endorsers, including the appellants. On the date the note was due, it was in the possession of another bank in Edgeley of which the notary who protested the instrument was assistant cashier.

An endorser's liability under the Negotiable Instruments Law, is secondary, and it is, ordinarily, necessary to make legal presentment to the person primarily liable before the endorser can be charged. The statute and liability of the irregular endorser is fixed by §§ 63 and 64 of the Negotiable Instruments Law; he is an endorser. See Bank of Conway v. Stary, 51 N. D. 399, 37 A.L.R. 1186, 200 N. W. 505.

The rule is settled in this state that a person who places his signature upon a promissory note before delivery, otherwise than as maker, is an endorser and entitled to the rights of a general endorser under the Negotiable Instruments Law as to presentment and notice of dishonor, unless, by appropriate words, he indicates that he intends to be bound in some other capacity. A. B. Farquhar Co. v. Higham, 16 N. D. 106, 112 N. W. 557. See also Brannan, Neg. Inst. p. 238. It follows that if legal presentment was not made to the maker, the appealing endorsers are not liable, unless, as respondent contends, § 6965, Comp. Laws, 1913 (Neg. Instr. Law, § 80) is applicable and controlling.

The evidence shows that the defendants were officers of the maker of the note; they were members of its board of directors. It does not appear that either of them was the active manager of the elevator company, or that either was its president. We think the rule is sound that the mere fact that an irregular endorser is also an officer of the maker of a note does not alone excuse failure to present the instrument. Section 6965, supra, (80) of the act provides; "Presentment for payment is not required in order to charge an endorser where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid or presented." There is not the slightest evidence tending to show that the instrument was made for the accommodation of the endorsers, or that they had reason to suppose that the instrument would not be paid if presented. See First Nat. Bank v. Sandmeyer, 164 Ill. App. 98; Bennet v. Kistler, 163 N. Y. Supp. 555; Houser v. Fayssoux, 168, N. C. 1, 83 S. E. 692, Ann. Cas. 1917B, 835; First Nat. Bank v. Bickel, 143 Ky. 754, 137 S. W. 790; Nolon v. H. E. Wilcox Motor Co., 137 Tenn. 667, 195 S. W. 581.

Section 6955, Comp. Laws 1913, being § 70 of the Negotiable Instruments Law, provides that presentment for payment is necessary to charge endorsers, except as otherwise provided in the act. No facts appear dispensing with the necessity of presenting the note. Does the evidence show legal presentment? The certificate of the notary who protested the instrument was admitted without objection. It is the duty of the plaintiff to plead and prove presentment, or facts excusing it. 5 Uniform Laws Annotated, p. 333, § 6956, Comp. Laws 1913.

(Neg. Inst. Law, § 71) provides that presentment must be made on the day the instrument falls due; § 6957, Comp. Laws 1913 (Neg. Inst. Law, § 72) prescribes what constitutes sufficient presentment; § 6958, Comp. Laws 1913 (Neg. Inst. Law, § 73) defines the proper place of presentment as follows:

"Section 6958. Presentment for payment is made at the proper place:

1. Where a place of payment is specified in the instrument and it is there presented.

2. Where no place of payment is specified but the address of the person to make payment is given in the instrument and it is there presented.

3. Where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment.

4. In any other case if presented to the person to make payment wherever he can be found, or if presented at his last known place of business or residence."

Section 6959, Comp. Laws 1913 (Neg. Inst. Law, § 74), requires the instrument to be exhibited to the person from whom payment is demanded. It would seem that a presentment to be sufficient, must be made by actually exhibiting the instrument at the place named, when one is designated in the instrument, or there must be a readiness to exhibit the note. It may be that exhibition of the note is not required when the maker refuses, on other grounds, to pay the same, but the note must be at the place of presentment, otherwise it is not sufficient. Gilpin v. Savage, 201 N. Y. 167, 34 L.R.A.(N.S.) 417, 94 N. E. 656, Ann. Cas. 1912A, 861.

Assuming that the notarial certificate should be accepted as prima facie evidence of whatever facts are therein stated tending to show presentment, does it sufficiently appear therefrom that the note was presented for payment and that payment was refused, so as to render the endorsers liable? We think so. The note is as follows:

"One year after date we promise to pay to the order of Citizens State Bank, Five Thousand Dollars, at Edgeley, North Dakota."

It was in the possession of another bank in the village of Edgeley. The notary does not supplement the general recital of the certificate by

oral testimony. He says that he does not remember the circumstances; or, at most, his testimony may be construed to be to the effect that he gave the maker notice by mail. He did not owe a legal duty to the maker or the endorsers to notify the maker when the note was due. The maker had agreed to pay it, when due, at a certain place. The note itself specified the place of payment at Edgeley, without naming any bank or other place in that village. Under the statute, it was the duty of the holder to present the instrument at Edgeley. Was it sufficiently presented by being in the possession of an officer therein, with authority to receive payment of the note, or to protest it if not paid? We think the authorities, both before and after the Negotiable Instruments Law, answer in the affirmative. When a note is payable at a named bank, or at a specified place of business, its presence in that bank or place of business during all of the day it is due, is a sufficient presentment and a personal demand is unnecessary. Nelson v. Grondahl, 13 N. D. 363, 366, 100 N. W. 1093; Phillips v. Cunningham, 148 Tenn. 164, 253 S. W. 354. When payable in a certain city, but without a designation of a specific place therein, it is a sufficient presentment if the note be in that city the day it is due in the possession of a person authorized to receive payment, or to protest it if not paid. The Negotiable Instruments Law is declaratory of the law merchant in this respect. Iron Clad Mfg. Co. v. Sackin, 129 App. Div. 555, 114 N. Y. Supp. 42; Kewanee Nat. Bank v. Ladd, 175 Ill. App. 151. In Malden Bank v. Baldwin, 13 Gray, 154, 74 Am. Dec. 627, the note was payable "at bank in Boston." It was held sufficient to present the note at any bank in Boston. The court said *obiter* that had the instrument been payable in Boston, possession of it in the city would have been a sufficient presentment. Presence of a note in Houston was held sufficient presentment of an instrument payable at that city, in Williams v. Planters' & M. Nat. Bank, 91 Tex. 651, 45 S. W. 691. In Boot v. Franklin, 3 Johns. 207, Kent, then Chief Justice, said:

"The other objection stated as a cause of demurrer has been anticipated in a great measure by what was observed in the former case. It was not incumbent upon the plaintiffs to state what injury was made in London by the drawees. 'Lex neminem cogit ad vana sau inutilia.' No place in London being pointed out to which the holders might resort, and the drawees residing at Liverpool, an attempt to search for

them in such a city as London would have been without any object or effect. Nor were the holders bound to go elsewhere to seek the drawees, as the bill had directed the payment to be made in London. They conformed their conduct to the tenor of the bill. They were in London on the day of payment, ready to receive payment, and they did all that they were able to do. They caused the bill to be there protested." See also 8 C. J. 553.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURKE, JJ., concur.