CARLTON & MANNING *v.* GEORGE S. COFFIN, ABRAHAM ADAMS, SHEPHERD ADAMS, PERLEY COFFIN AND ALBERT DAY, *as partners under the name of* THE LUDLOW WOOLEN MILL.

*Evidence.    Partnership.    Statute of limitations.*

The existence of a partnership cannot be proved by general reputation.

A witness testified that the defendants were partners; but that he only knew it from general reputation and from conveyances of property owned by them. *Held* that this was not legal evidence tending to prove a partnership.

Since the revision of our statutes in 1839 the acknowledgment or part payment of a debt by one, will not remove or prevent the operation of the statute of limitations as to the other partners or joint contractors.

The effect of a new promise or part payment upon the operation of the statute of limitations is the same, whether it be made before or after the statute has fully run.

ASSUMPSIT upon a promissory note. The writ, which was dated December 7th, 1851, and served February 17th, 1852, described the defendants as partners under the name of " The Ludlow Woolen Mill." Plea the general issue, and the statute of limitations ; trial by the court, December Term, 1853,—COLLAMER, J., presiding.

The plaintiffs presented a note of which the following is a copy.

" $385.78. LUDLOW, March 12, 1845.

" Due on demand to Carlton & Manning, three hundred eighty-
" five $\frac{78}{100}$ dollars, value received.

" For the Ludlow Woolen Mill,

"GEO. S. COFFIN, Agent."
upon which $50 was endorsed under the date of June 1, 1846.

The plaintiffs called a witness, who testified that, in the spring of 1845, he resided at Ludlow, and that Abraham Adams, Shepherd Adams, George S. Coffin, Perley Coffin, and Albert Day constituted the firm known as the Ludlow Woolen Mill ; that George S. Coffin was the agent of the company, and that the signature to the note was in his hand-writing. On cross-examination he testified that he knew who constituted the company or owners of the Woolen Mill, because he them so understood it by general reputation at Ludlow, and had since had occasion to examine the conveyances, and he knew by them who were then the owners ; but that he had no other means of knowledge, except that Albert Day, in February, 1851, stated to him that said note was due, and should be paid. Upon this testimony, the court found that the defendants were co-partners. The plaintiffs proved that in June, 1846, the said note was presented to Shepherd Adams for payment, who paid fifty dollars, which was then endorsed thereon ; and thereupon the court rendered judgment for the plaintiff upon both issues. Exceptions by the defendants.

*Washburn & Marsh* for the defendants.

General reputation insufficient to prove a partnership. *Hicks*

33

*et al.* v. *Cram et al.*, 17 Vt. 449. *Bryden* v. *Taylor*, 2 Har. & John. 400. *Brown et al.* v. *Crandall et al.*, 11 Conn. 92. *Halliday* v. *McDougall et al.*, 20 Wend. 81.

Testimony as to the examination of conveyances was no more or less than hear-say. The deeds should have been produced, if the kind of testimony was admissible.

A payment or promise to pay, while the obligation was in full force, was a *nudum pactum*, and did not affect the running of the statute. 5 U. S, Digest 363, pl, 344-5. Comp. Stat. 380, § 22.

*S. Fullam* for the plaintiffs.

The testimony respecting the partnership tended to prove the issue ; and the finding of the fact by the county court is conclusive.

The opinion of the court was delivered by

BENNETT, J. It appears from the cross-examination of the witness, that the only knowledge he had of the existence of a partnership between the defendants, was derived from general reputation. We think this is not competent evidence to prove a partnership.

It was so held in *Hicks* v. *Cram et al.* 17 Vt. 449. Common reputation is but hear-say evidence, and this is not a case which allows of such evidence. Partnerships are like other contracts, and must be proved according to the ordinary rules of evidence. So far as third persons are concerned, it is not always necessary to prove a partnership in fact. If one man holds himself out as a partner with another by his permission, the latter will be bound.

It is quite another question, whether, in such a case, common reputation might be given in evidence, as tending to show that such holding out might have been by the consent and permission of the person sought to be charged. But in the case at bar the object was to prove the fact of partnership. *Halliday* v. *McDougall*, 20 Wend. 81 ; *Bryden* v. *Taylor*, 2 Har. & John. 396 ; and *Brown* v, *Crandall*, 11 Conn. 92, are full in point against the admission of such evidence, even in connection with other facts to which there can be no objection.

The fact that the witness stated that he had occasion to examine the *conveyances*, and that he knew from them, who were the owners,

is no evidence to prove a partnership. The witness cannot tell whether a written paper contains facts to create a partnership. This is a question of law. This was all the evidence, and from this, the bill of exceptions says, the county court found a partnership. We think there was no legal evidence before the court tending to prove a partnership, and though it does not appear that, on the trial, the competency of the evidence was objected to, yet as the party excepted to the judgment rendered upon this evidence in the county court, we think he can raise the question on this bill of exceptions.

In respect to the plea of the statute of limitation, we think, as the case stands, the statute had run when the suit was commenced.

It is said in argument that no new promise will have any effect to avoid the statute of limitation, unless it has actually run at the time of the new promise ; but such is not the law of this state, however it may be in Pennsylvania ; and it has been well established in our courts that a part payment by one joint promissor of a note, will take the case out of the statute as to all the promissors upon common law principles.

But our revised statutes of 1839 changed the rule of the common law. By the 22nd section of Comp. Statutes, page 380, it is provided, that if there are two or more joint contractors, no such joint contractor shall lose the benefit of the provisions of the statute, so as to be chargeable by reason only of any acknowledgment or promise made or signed by any other or others of them, and the 26th section extends the statute so as to enable one joint contractor to avail himself of the statute, though a part payment may have been made by another, and we think it cannot be material, whether the payment is made before the statute has fully run or not. It was evidently the intention of the legislature to change the rule of the common law, and to prevent the promise or part payment of one joint promissor from having effect against another, and the language of the statute extends equally to both cases, and renders it immaterial at what time the promise or part payment is made ; and we think it was not the intention of the legislature to limit the operation of the statute to cases where the bar was complete, when the promise or part payment was made.

Judgment reversed and cause remanded.