ORVILLE H. TOBEY, Appellant, *v.* FREDERICK BERLY, Appellee.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A promise by an indorser of a note after it has fallen due, to pay it, amounts to a waiver of a demand and notice, and of proof of the insolvency of the maker.

By the law merchant, a subsequent promise by an indorser to pay a bill or note, with a knowledge on his part of the facts, it will be presumed that the promissor was liable, and that all the conditions necessary to fix his liability had been complied with.

Under the law merchant, where the maker of a bill or note has been discharged by the laches of the holder, and the latter sets up a subsequent promise to pay, the subsequent promise to pay need not be averred in the declaration, if the original contract, and all the essential facts that constitute liability are properly set out.

THIS action was assumpsit, brought to the August term, 1859, of the Superior Court of Chicago.

The plaintiff below, Frederick Berly, declared upon two certain promissory notes, both bearing date at Chicago, June 1st, 1858, and payable to the order of O. H. Tobey, the defendant below, the one nine months after date, for $366.84, and the other ten months after said date, for $366.84, both with current rates of exchange on New York, and both signed by A. E. and E. H. Williams, and indorsed by the defendant, O. H. Tobey.

The declaration averred the insolvency of said makers of said notes at their maturity, and also contained the common money counts.

The defendant pleaded the general issue, in which the plaintiff joined.

The cause was tried before VAN H. HIGGINS, Judge, and a jury, at November term, 1859, and a verdict found for plaintiff, for seven hundred and sixty-five dollars and sixteen cents.

The defendant thereupon filed a motion for a new trial, assigning the following reasons:

The court erred in admitting the testimony offered for the plaintiff.

The court erred in refusing the defendant's instructions.

The court erred in giving the plaintiff's instructions.

The verdict is against the law.

The verdict is against the evidence.

The defendant also filed a motion in arrest of judgment, assigning the following reasons:

The verdict in this case is rendered upon a cause of action not set forth in the plaintiff's declaration.

The verdict in this case is rendered upon a cause of action entirely different from that set forth by the plaintiff in his declaration.

The motions of defendant were overruled, and judgment rendered upon the verdict for the plaintiff.

The defendant excepted, and prayed an appeal, which was allowed.

The handwriting of the defendant to the letter and notes was proved.

The plaintiff then offered in evidence the letter and notes, and the defendant objected to the letter, which objection was overruled and exceptions entered; they were then read to the jury, and the letter is copied at length, in the opinion of the court.

The plaintiff asked the court to give the jury the following instructions:

If the jury believe, from the evidence, that prior to the maturity of one of the notes sued, the defendant promised the plaintiff to pay the said note when presented to him, and the said note was presented for payment to the defendant, the defendant is liable to pay said note, though the makers of it were solvent at the time of its maturity, and no suit was instituted against them.

If the jury believe, from the evidence, that subsequent to the maturity of one of the notes sued, the defendant promised to pay the same when presented to him, and the note was presented for payment, the law presumes that the makers of said note were

insolvent at the time of its maturity as alleged in the plaintiff's declaration, until the contrary is proved.

If the jury believe, from the evidence, that the makers of the note first due were insolvent at the time of its maturity, and the defendant was released frem his liability as indorser of said note, by the failure of the plaintiff to sue the makers of the note, and shall further believe, from the evidence, that the defendant afterwards promised to pay the note, his antecedent obligation as indorser is in law a sufficient consideration to support his promise, and the defendant is liable therefor, provided the defendant had knowledge of this —— of the plaintiff, and such knowledge may be inferred by the jury as a fact, from the promise under the attending circumstances, conclusive affirmative proof of such knowledge.

Which instructions were given by the court, to the giving of each of which, defendant excepted.

To the overruling of said motions and rendering judgment upon said verdict, appellant excepted, and now brings the cause to this court, assigning the following errors in the record:

That the Superior Court erred in admitting improper and incompetent evidence on the part of the appellee.

That the court erred in refusing the instructions of the appellant.

The court erred in giving the instructions of the appellee.

The court erred in overruling the motion in arrest of judgment, for that the verdict was rendered upon a cause of action not set forth in the declaration of appellee.

The said court erred in overruling the said motion for a new trial, of appellant.

The said court erred in rendering judgment for appellee.

WILLIAMS, WOODBRIDGE & GRANT, for Appellant.

F. S. HOWE, for Appellee.

BREESE, J. The record in this case, presents this question: were the notes and letters of the defendant, Tobey, sufficient evidence under the pleadings, to charge him? It is averred in the special counts of the declaration, that the makers were insolvent at the time the notes matured, and some evidence was given on both sides on this point. The plaintiff relied, however, on the letter of the defendant addressed to him, dated March 29th, 1859, written subsequent to the maturity of one note, and prior to the maturity of the other. The letter is as follows:

" *Chicago, March* 29th, 1859.

" F. BERLY: Yours of the 19th was received in my absence,

and I hasten to answer on my return. I was entirely ignorant of the note being protested, as no notice was sent me. I paid two notes previous to that, which I suppose was the cause of Miss Williams not informing me of her inability to meet that. I found their business in a bad fix. In settling up their business they have taken notes, and not the first one that has come due has been paid, although they are considered good. As soon as the notes with my indorsement are presented to me I will see that they are paid. I cannot sign any more notes until I see that they have enough to hold me harmless."

The plaintiff proved the presentment of the notes to the de* fendant for payment, and the handwriting of the defendant to the notes and letter.

We believe the rule to be, under the law merchant, where a party to a bill or note has been discharged by the laches of the holder, and the holder sets up a subsequent promise to pay, the declaration need not count upon this subsequent promise, but only upon the original contract, alleging therein all the essential facts that constitute the liability. If against an indorser of a promissory note, demand and notice—if on a bill of exchange against the drawer or indorser, presentment and protest. These being averred in the declaration, they are supported by proof of a subsequent promise, which is adjudged the equivalent or a waiver of these requisites.

This is the doctrine of the case of *Lundie* v. *Robertson*, 7 East, 231, and we believe has not been departed from in England. That case was this : an indorsee, three months after a bill became due, demanded payment of the indorser, who first promised to pay it if he would call again with the account, and afterwards said that he had not had regular notice, but as the debt was justly due he would pay it. Lord Ellenborough, in delivering the opinion, said, the case does not admit of any doubt. The defendant is charged as the indorser of a bill of exchange, and when applied to for payment, he says he has no cash by him then, but if the witness will call again and bring the account with him, he will pay it. Now when a man against whom there is a demand promises to pay it, for the necessary facilitation of business between man and man, everything must be presumed against him. It was therefore to be presumed, *prima facie* from the promise so made, that the bill had been presented for payment in due time and dishonored, and that one notice had been given of it to the defendant. By this promise, the necessity of proof of the averments of presentment, protest, notice, etc., contained in the declaration, was superseded. The declaration in this case counted alone upon the original liability, averring presentment, refusal of payment, etc., and not on the

subsequent promise. There is a note to this case of a decision by Lord Ch. J. Raymond, where he held, if an indorsee has neglected to demand of the drawer in a convenient time, a subsequent promise to pay, by the indorser, will cure this laches. Demand of the drawer was then necessary, but is not the law now. Bayley on Bills, 496.

In *Duryee* v. *Dennison*, 5 Johns. 248, it was held, Kent, Ch. J., delivering the opinion, that the rule was well settled, that if an indorser has not had regular notice of non-payment by the drawer, yet if, with knowledge of that fact, he makes a subsequent promise to pay, it is a waiver of the want of due notice, and assumpsit will lie. The declaration in this case was in the usual form, without any reference to the subsequent promise, but upon the original liability, with averments of presentment, demand and refusal, adding, " of all which premises the said defendant afterward, to wit, on the day and year aforesaid, had notice."

In *Tebbetts and Pearce* v. *Dowd*, 23 Wendall, 379, it was held, that the holder of an indorsed check was entitled to recover against the indorser on a promise to pay, made after maturity, without direct proof of demand and notice ; and the admission of the indorser, that he knew that the check had been dishonored, that he has received part of the money for which it was given, and his promise to take up and pay the check, is presumptive evidence of a demand and notice, proper and fit to be submitted to the jury. Justice Cowen, in delivering the opinion in this case says, the principle, which found its way into the English cases at a very early period, is, that a promise to pay, or anything equivalent to that, after the person who would otherwise be entitled to insist on want of demand or notice was aware of the laches, amounted to a waiver of the consequence of the laches, and admitted the right of action. He cites a case referred to in Buller's Nisi Prius, 276, of *Anson and Bailey*, in 1748. There the indorser, in the country, writing to the indorsee of the note in town who had apprised him of the maker's neglect to pay it, said, " When I come to town I will set that matter to rights." This was held to waive the neglect and to acquit the plaintiff of laches. The opinion is very. elaborate, and comments on all the cases, English and American, which had been reported up to the time of this decision; in fact, it is a digest of the law on the subject.

We think we may safely deduce this rule from those cases, that, from a subsequent promise to pay a bill or note by the indorser, with a knowledge on his part of the facts, the law will presume that the party making such promise was liable, and that all the conditions requisite to fix his liability had been

complied with. The cases from which this rule is drawn, arose . under the law merchant.

Our statute requires, in order to fix the liability of an indorser of a note, either that the maker at its maturity was insolvent, or that due diligence has been used to collect it of the maker. The declaration in this case averred the insolvency of the makers. If, then, in cases under the law merchant, the law will presume against an indorser who is entitled to demand and notice before he is liable, that he has waived those conditions which make him liable, by a subsequent promise to pay, with a knowledge of the facts, we see no reason why the same presumption should not be indulged in a case arising under our statute. The promise to pay the notes when presented with his indorsement, as shown by the defendant's letter, amounts in law to a waiver of demand and notice, and of proof also of the insolvency of the makers.

We, therefore, are of opinion, that when a man against whom there is a demand promises to pay it, for the necessary facilitation of business transactions between man and man, everything must be presumed against him. That the promise of the defendant in his letter justifies the presumption that he well knew the irresponsibility of the makers of the note, and that he honestly ought to pay the debt, and amounts to a waiver of proof of demand, notice, and of the insolvency of the makers. *Curtis* v. *Martin,* 20 Ill. 557.

We see no error in the instructions. They declare the law of the case as we understand it to be. The judgment is affirmed.

*Judgment affirmed.*