# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

Frank A. Stewart, Appellee, v. James A. Soenksen et al., on appeal of James C. Soenksen, Appellant.

### Gen. No. 17,090.

1. NEGOTIABLE INSTRUMENTS—*presentation.* If notes payable at a certain bank are in such bank at maturity there is a sufficient presentment.

2. BILLS AND NOTES—*question for jury.* In an action against endorsers of notes it is not error to refuse a motion to direct a verdict for the defendants on the ground that there was no presentment for payment and no notice of dishonor or waiver thereof where the evidence as to waiver is conflicting.

3. EVIDENCE—*foundation for documentary.* Where the records of a note teller .at the bank at which notes were payable are offered in evidence, a telephone conversation between the plaintiff and one who stated that she was an aunt of the note teller is admissible to prove his nonresidence.

4. EVIDENCE—*where admission of exhibits harmless.* Where the facts shown by exhibits are already established by other evidence, admission of the exhibits if improper is harmless.

Appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

(1)

JOHN F. HIGGINS, for appellant.

SPENCER WARD, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellee (hereinafter called plaintiff) sued appellant (hereinafter called defendant) and C. H. Peterson, as indorsers on fifteen promissory notes for $100 each, with interest at 6% per annum, dated July 19, 1907, signed "James Soenksen Restaurant Co., By James Soenksen, President," payable to the order of plaintiff at the Hamilton National Bank, Chicago, due monthly in succession from January 19, 1908 to March 19, 1909, inclusive, and indorsed in blank by defendant and Peterson. The defendant claimed there was no legal presentment for payment and no notice of dishonor to the indorsers. Plaintiff replied that the notes were presented and that notice of dishonor was waived. After a jury trial judgment was entered in favor of plaintiff for $1753.50, from which judgment defendant has prosecuted this appeal.

The record shows that the notes sued on are the last 15 of a series of 20 notes, given as part payment for a restaurant sold by plaintiff to the James Soenksen Restaurant Company, a corporation, on July 19, 1907. The first two notes were transferred to the agent who negotiated the sale. The remainder were deposited in the Hamilton National Bank for collection by plaintiff, where the third, fourth and fifth of the series were paid by the maker in due course. None of the last 15 has been paid. None of them was protested, and no formal notice of dishonor was ever given to the indorsers. In December, 1907, plaintiff wrote to Peterson, at Tomahawk, Wisconsin, a threatening letter, to which Peterson replied: "You are well aware that I have to pay these notes if the Soenksen Rst. Co. don't, but I will surely have my lawyer try to make them pay,

before I come to the front. If the Nov. and Dec. notes are not paid by Jan. 10th why then I will pay the two of them. * * * I know how I stand all right, and also know that your notes will be paid as long as my name is on the back of them." Plaintiff testified that he had several conversations with defendant, Soenksen, before the suit was brought, in one of which, some time in 1908, the latter told him in substance, that he was not then able to pay, and "asked for further time, and agreed to pay in the future," if plaintiff "would not press him at that time." Several of the notes were then past due. Defendant denied that any such conversation took place.

It is urged that the court erred in refusing to direct a verdict for defendant on this evidence. It is said that these facts do not show a legal presentment, nor notice of dishonor, nor a waiver of such notice. Defendant's counsel concedes that if the notes were in the Hamilton National Bank when they severally matured, this was a sufficient presentment. He also admits that the record shows that all the notes in question were taken by the plaintiff to the bank and there deposited for collection. But he insists that the record does not show except by "the presumption of continuity" that the plaintiff did not take them away before they matured. There is no merit in the contention. The presumption or inference that he left them there is a reasonable one from the evidence, and is undisputed by any fact or circumstance in evidence.

Section 108 of the Negotiable Instruments Act of 1907 provides that notice of dishonor may be waived "either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." Such waiver may be implied from a variety of facts and circumstances. "A promise to pay the whole or part, or to see it paid, or an acknowledgment that it must be paid, or a promise that he will set the matter to rights, or a qualified promise, or a mere unaccepted offer of composition,

made by the person insisting on a want of notice after he was aware of the laches, to the holder of a bill, amounts to a waiver of the consequences of the laches of the holder, and admits his right of action.'' Curtiss v. Martin, 20 Ill. 557, 572. In Tobey v. Berly, 26 Ill. 426, suit was brought against an indorser on two notes, and there was evidence to the effect that after the maturity of one of them, and before the maturity of the other, the defendant, on being informed that the first note had not been paid, wrote to the plaintiff; ''As soon as the notes, with my indorsement are presented to me, I will see that they are paid.'' The court held that the promise thus made with knowledge of the facts amounted to a waiver of proof of demand and notice. To the same effect are Givens v. Merchants Nat. Bank, 85 Ill. 442, and Wing v. Beach, 31 Ill. App. 78. The evidence as to the alleged waiver being conflicting, there was no error in refusing the motion to direct a verdict. Nor can we say from this record that the verdict is manifestly against the weight of the evidence.

Complaint is made of alleged errors in the admission of evidence and in giving the oral instructions. The records of the note teller of the bank were admitted as exhibits, and the only evidence as to the handwriting therein was to the effect that they were in the handwriting of one Medbury, whose alleged non-residence was proved only by what plaintiff learned from a telephone conversation with a woman who said over the telephone that she was Medbury's aunt and that he had gone to Denver to accept a position there. The telephone conversation was admissible (Godair v. Ham Nat. Bank, 225 Ill. 572) and we think the evidence was *prima facie* sufficient to make the records admissible. Even if this be not true, the facts shown by such exhibits were already established by other evidence. Hence, even if the exhibits were improperly admitted, the error, if any, was harmless. Oldershaw v. Knowles, 101 Ill. 117. All of the remaining points

Federal Life Ins. Co. v. Griffin, 173 Ill. App. 5.

are covered by the principles referred to in this opinion.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*