THEODORE KERR *vs.* LORENZO F. DYER.

Cumberland.    Opinion November 13, 1917.

*Negotiable instruments.    Liability of indorsers on promissory notes.    Necessity of
proving demand on maker to fix liability of indorser.    When demand
on maker must be made.    Effect of notary's certificate.*

An action of assumpsit by indorser against indorsee.    At the close of the evidence
for plaintiff, the court directed a verdict for defendant and the plaintiff excepted.

When a note is made payable at any bank or either of the banks in a city or town
it may be presented at either of them.    The law requiring a demand upon the
maker of a promissory note, in order to fix the liability of an indorser, is satisfied
if the note was in the bank at which it was made payable on the day when it fell
due.

A statement in the certificate of a notary public of presentment and demand on the
day after the maturity of a note is not even prima facie evidence of a legal
presentment and demand.

The burden of proof is upon plaintiff to show that all the steps, necessary to hold
an indorser, have been taken.    No step is presumed to have been taken in the
absence of evidence.

Action on the case by holder of note against indorser.    The case
was heard at the April term, A. D. 1917, of the Superior Court, Cum-
berland County.    At close of plaintiff's testimony, court ordered
verdict for defendant; to which ruling, plaintiff filed exceptions.
Exceptions overruled.

Case stated in opinion.

*Harold R. Foss,* for plaintiff.

*Woodman & Whitehouse, and Clement F. Robinson,* for defendant.

SITTING:    CORNISH, C. J., SPEAR, KING, BIRD, HANSON,
MADIGAN, JJ.

BIRD, J.    This is an action of assumpsit upon a promissory note of
the tenor following:—

$300.                                    Portland, Maine, June 8, 1909.

Four months after date I promise to pay to the order of A. W. Dyer, Three Hundred Dollars, at any Bank in Portland, Maine.

Value received with interest.

                                         C. B. DALTON.


The note bore the following indorsements "A. W. Dyer, Lorenzo F. Dyer, Theodore Kerr. Previous indorsements guaranteed. Pay to the order of Portland National Bank, Portland, Maine. Westbrook Trust Company, Westbrook, Maine. W. M. Lamb, Treas."

The declaration alleged an indorsement of the note by the payee to Lorenzo F. Dyer and by the latter to the plaintiff and that he on the eighth day of October, 1909, at Portland, presented the note when due and payable to the maker for payment which he refused. The case was tried in accordance with the declaration as an action of indorsee against indorser. (*Calhoun* v. *Averill*, 30 Maine, 310, 318).

At the close of the evidence of the plaintiff, the court directed a verdict for defendant upon the express ground that there was no evidence in the case that demand was made on the day the note became due to fix the liability of the indorser. It is upon exception to this ruling that the case is before this court.

It is the undoubted law of this State that when a note is made payable at any bank or either of the banks in a city or town it may be presented at either of them. *Langley* v. *Palmer*, 30 Maine, 467, 50 Am. Dec. 454. *Allen* v. *Avery*, 47 Maine, 287. The law requiring a demand upon the maker of a promissory note, in order to fix the liability of an endorser, is satisfied, if the note was in the bank at which it was made payable, or was demanded there, on the day when it fell due. *Magoun* v. *Walker*, 49 Maine, 419, 420.

The evidence in the case is the note, the certificate of a notary public, protesting the note for alleged non-payment, and the testimony of the plaintiff.

The certificate of the notary alleges that on the ninth day of October, 1909, he presented and demanded payment of the note at the Portland National Bank of Portland [one of the banks of Portland, Maine]; that payment was refused; that the note remaining unpaid, he duly and officially notified the indorsers of its dishonor by written notice, each notice requiring payment.

The note maturing on the eighth day of October, 1909, the certificate of the notary is not even prima facie evidence of a legal presentment and demand. *Page* v. *Gilbert*, 60 Maine, 485, 488, 489; *Brooks* v. *Blaney*, 62 Maine, 456, 458.

It is urged for the plaintiff that his evidence shows that the note was in the Portland National Bank for collection on the day of its maturity. We do not find that it does. The burden of proof is upon the plaintiff to show that all the steps were taken necessary to hold the indorser. No step is presumed to have been taken without some evidence. *Magoun* v. *Walker*, 49 Maine, 419, 420. The testimony of plaintiff does not indicate the date on which the note was sent to the bank, through the trust company, for collection—whether before, on or after the day of its maturity. Considering the fact that the notary made demand on the day after maturity, and his statement must be taken as true, it seems, considering all possible inferences, little better than a possibility that the note was at the bank on the day of maturity and a conclusion based upon a possibility is unwarranted. *Titcomb* v. *Powers*, 108 Maine, 347, 349; *Allen* v. *R. R. Co.*, 112 Maine, 480, 483; *Seavey* v. *Laughlin*, 98 Maine, 517.

The plaintiff having failed to prove legal presentment and demand to fix the liability of the indorser, the exceptions must be overruled and it is so ordered.