COMMERCIAL TRUST COMPANY *vs.* NEW ENGLAND MACARONI MANUFACTURING COMPANY & others.

Hampden.    September 20, December 12, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Notice of dishonor, Presentment. *Evidence*, Of notice by mailing, Presumptions and burden of proof.

At the trial of an action by the payee, a trust company, against indorsers of a negotiable promissory note, there was evidence tending to show that a notice of dishonor, signed by the plaintiff's teller and addressed to each of the indorsers at his place of business or residence, was made out on the due date of the note and was placed on the mail clerk's desk in the plaintiff's banking house, and the teller testified without objection that, according to the general practice, the mail clerk at the close of business every day stamped the mail and put it in a bag which "he took over to the post office and left at the office." There also was evidence that on the due date of the note the mail in the plaintiff's office was stamped and put in the mail bag, that each envelope bore the plaintiff's return address, and that no mail addressed to the defendants was returned to the plaintiff. *Held*, that

(1) It could not be ruled as a matter of law that no notice of dishonor was sent by the plaintiff;

(2) A finding was warranted that notice of dishonor was duly given.

The provisions of the negotiable instruments law, G. L. c. 107, have not changed the rule of the common law previously established, that a note payable to a bank at its place of business is presumed, in the absence of evidence to the contrary, to be at the bank at its maturity; so that, at the trial of an action by the payee against indorsers of such note after dishonor, evidence of formal presentment and demand upon the maker is not required.

CONTRACT, by the payee of a negotiable promissory note for $2,000 against New England Macaroni Manufacturing Company, the maker, and Neal J. Holland, William Lee, James F. O'Byrne, Philip Kelson and Philip S. Silbert, indorsers. Writ dated August 17, 1920.

In the Superior Court the action was heard by *Fessenden*, J., without a jury. Material evidence and requests by the defendant for rulings are described in the opinion. The trial judge found for the plaintiff in the sum of $2,262. The defendants alleged exceptions which, after the resignation of *Fessenden*, J., were allowed by *Wait*, J.

The case was submitted on briefs.

*M. J. Sullivan,* for the defendants Holland and Lee.

*F. G. Wooden & H. P. Small,* for the plaintiff.

CARROLL, J.   This is an action on a promissory note in the sum of $2,000, dated April 24, 1920, and payable in ninety days to the plaintiff at its place of business.   The maker is the New England Macaroni Manufacturing Company, and the other defendants are indorsers.   Holland and Lee, two of the indorsers, requested the trial judge to rule: (1) " That upon all the evidence, the plaintiff is not entitled to recover; " and (2) " That upon the law, the plaintiff is not entitled to recover."

These requests were refused and the indorsers Holland and Lee excepted.

There was evidence from witnesses familiar with the handwriting of Holland and Lee that their signatures were genuine.   See *Commonwealth* v. *Nefus,* 135 Mass. 533, 534.

A written notice of dishonor, signed by the teller of the trust company and addressed to each of the indorsers at his place of business or residence, was made out on July 23, 1920, and placed on the mail clerk's desk in the plaintiff's banking house.   The teller testified, without objection, that according to the general practice the mail clerk, at the close of business, stamped the mail and put it in a bag which " he took over to the post office and left at the office; " that this was done " every day."   There was further evidence that on July 23, 1920, the mail was stamped and put in the mail bag, and that on all the envelopes used by the plaintiff appeared the inscription: " If not delivered within three days return to Box 1245, Springfield, Massachusetts; " the post office box 1245 was the plaintiff's box; that no mail addressed to the defendants was returned to the plaintiff. On this testimony it could not be ruled as matter of law that no notice of dishonor was sent.   It was a question of fact and the judge could find on the facts shown that notice of dishonor was duly given.   *Prudential Trust Co.* v. *Hayes, ante,* 311.

Although the note in suit was payable to the plaintiff at its place of business, the record does not show that the note was in the plaintiff's possession or at its banking house at

maturity. Before the enactment of the negotiable instruments law, it was settled that the plaintiff, being the payee of the note payable at its bank, in case the maker did not appear on the due date with funds for payment, was not required to make formal presentment or demand. It was presumed, in the absence of proof to the contrary, that the note was at the banking house on the day of maturity. *Folger* v. *Chase*, 18 Pick. 63. *Berkshire Bank* v. *Jones*, 6 Mass. 524.

The more difficult question is whether this presumption survives under the negotiable instruments law. G. L. c. 107, § 97 provides that " The instrument must be exhibited to the person from whom payment is demanded; " and by § 95 presentment for payment to be sufficient must be made by the holder, or by some person authorized to receive payment on his behalf; at a reasonable hour of a business day; at a proper place; to a person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where presentment is made. " In any case not provided for in sections eighteen to twenty-one and twenty-three to two hundred and twelve, both inclusive, the rules of the law merchant shall govern." G. L. c. 107, § 22. By § 110 of the statute, when the instrument is payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon. Section 98 provides when an instrument is payable at a bank, presentment must be made during banking hours unless the person to make payment has no funds there to meet it, " in which case presentment at any hour before the bank is closed on that day is sufficient." A strict construction of §§ 96 and 97 would seem to require that the plaintiff should make formal presentment and demand of the note at its maturity. The negotiable instruments law, however, did not in our opinion change the rule previously established, that a note payable to a bank at its place of business was presumed, in the absence of evidence to the contrary, to be at its maturity at the bank. Evidence of formal presentment and demand was not required. And it was not intended, by the negotiable instruments act, to do

away with this presumption or change the well established rule in reference to the evidence required to show due presentment when the instrument was payable to a bank at its banking house. It was recognized in *Union Trust Co.* v. *McGinty*, 212 Mass. 205, that the negotiable instruments act did not cover the whole field of negotiable instruments law. In the absence of an express provision to the contrary we must assume that the presumption in favor of the plaintiff continues. See *Central National Bank of Middletown* v. *Stoddard*, 83 Conn. 332; *Doherty* v. *First National Bank of Louisville*, 170 Ky. 810; *Norwood National Bank* v. *Piedmont Publishing Co.* 106 S. C. 472.

*Exceptions overruled.*