FARMERS & MERCHANTS BANK OF SUN PRAIRIE, Respondent, vs. GORDON, imp. (by LEWISON, Administrator), Appellant.

*October 8—November 5, 1929.*

*H.·S. Hendrickson* of Rio and *Robert N. Nelson* of Madison, for the appellant.

For the respondent there was a brief by *Lowry & Beggs* of Madison, and oral argument by *H. J. Lowry*.

STEVENS, J.   The question whether the defendant Gordon sold the note to the defendant Amble, or merely gave it to him for collection, is not material to the determination of this case, because it appears without controversy that the plaintiff bank was a holder of the note in due course, having discounted it in good faith for value before maturity in the usual course of its business without notice of any defect in the title of the defendant Amble.

Before the enactment of the Uniform Negotiable Instruments Law it was settled that "When a bill or note is made payable at a bank, it is considered a sufficient presentment of it if it is actually in the bank at maturity, ready to be delivered up to any party who may be entitled to it on payment of the amount due; and if, at the close of business hours, the bill or note remains unpaid, it is considered as dishonored." 1 Daniel, Neg. Inst. (6th ed.) § 656. "If the promisor does not go to the bank and pay the note, it is dishonored, and it would be but an idle ceremony to take the note from the files and make a demand, when there is no one on whom to make it.   And should the promisor come and declare his inability to pay, his intention not to pay, and

leave without payment, it is surely no less a dishonor than if he had stayed away." 3 Ruling Case Law, p. 1206.

The case presents the question whether the provision of the Negotiable Instruments Law (sec. 116.77) requiring presentment for payment to be made "to the person primarily liable on the instrument, or if he is absent or inaccessible, to any person found at the place where the presentment is made," has changed the rule which prevailed prior to the passage of this law. The rule which prevails in all jurisdictions where this provision of the uniform law has been considered, so far as our investigation has gone, is that stated by the Oregon court, which said "the Negotiable Instruments Law . . . simply redeclares the rule, which generally prevailed prior to the adoption of the statute, that when a note is made payable at a bank a sufficient presentment occurs if the instrument is actually in the bank at maturity, ready to be delivered by the bank to any person who is entitled to it upon payment." *Nickell v. Bradshaw,* 94 Oreg. 580, 590, 183 Pac. 12, 11 A. L. R. 623, 630. See, also, *Doherty v. First Nat. Bank,* 170 Ky. 810, 186 S. W. 937, 938; *Stewart v. Soenksen,* 173 Ill. App. 1, 3; *Continental Nat. Bank v. Discount D. State Bank,* 199 Ind. 290, 157 N. E. 433, 440.

In the consideration of these uniform statutes weight should be accorded the construction given to the same provisions in other jurisdictions in order that the desired uniformity may be preserved, rather than destroyed, by judicial construction of these acts. Both judicial precedent and good logic lead to the conclusion that the passage of the Negotiable Instruments Law did not change the rule which prevailed prior to the passage of this act, and that there was a sufficient presentment for payment in this case. Thereafter the note was promptly protested and the proper notice of dishonor given, thus perfecting the plaintiff's right to recover from the appellant as an indorser upon the note.

*By the Court.*—Judgment affirmed.