LEWIS J. ROSENTHAL *vs.* WILLIAM LEVINE.

Kennebec.　　Opinion January 20, 1930.

*Merrill & Merrill,* for plaintiff.
*F. Harold Dubord,*
*Frank E. Southard,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

Deasy, C. J.    The negotiable promissory note which is the subject of this suit against an endorser is in the following form:

> "Boston, Mass. June 4, 1928
>
> $5000.
>
> Four months after date we promise to pay to the order of Louis J. Rosenthal Five thousand and m/100 Dollars Payable at any bank in Waterville  Value received with interest
>
> > · J. Miller
> >
> > F. Miller."

The note is endorsed by Wm. Levine and thereafter by Lewis J. Rosenthal. The payee, Louis Rosenthal, is the same individual as Lewis Rosenthal, the last endorser.

J. Miller is the husband of F. (Freida) Miller, the co-maker. The defendant is her father and the plaintiff her cousin. It is a family quarrel.

The plaintiff recovered a verdict for the full amount of the note with interest. The defendant brings the case forward on general motion. The issues of law in this case invoke an application and construction of Public Act of 1917, Chap. 257, known as the Negotiable Instruments Law (cited as N. I. L.). The sections and parts of sections which apply to and control the case are as follows:

> "Sect. 68.  As respects one another indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves, they have agreed otherwise."

> "Sect. 87.  Where the instrument is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon."

> "Sect. 96.  The notice may be in writing or merely oral and may be given in any terms which sufficiently identify the instrument and indicate that it has been dishonored."

> "Sect. 103.  Where the person giving and the person to receive the notice reside in the same place, if given at the place of business of the person to receive notice it must be given 'before the close of business hours on the day following.' "

> "Sect. 107.  Where a party receives notice of dishonor, he has, after the receipt of such notice, the same time for giving

notice to antecedent parties that the holder has after the dishonor."

The order of endorsements was such that *prima facie* (if presentment, dishonor and notice be proved, the defendant was liable to pay the note in full to the plaintiff. True, the defendant says that it was "agreed otherwise" (Sec. 68). The making of such agreement is disputed. This issue of fact was passed on by the jury. (See infra this opinion.)

The defendant contends that there is not sufficient evidence of presentment and dishonor: The note is payable at "any bank in Waterville." At maturity it was held by the Ticonic National Bank in Waterville. No further evidence of presentment is required.

"Where a note is payable at a bank it is sufficient that the note is there ready to be given up on payment should the promisor come to pay it." *Gilbert* v. *Dennis*, 3 Met., 496.

"It is sufficient presentment of a note payable at a bank if it is actually in the bank at maturity ready to be delivered on payment." Brannan's N. I. L., Pg. 652, and cases cited.

The note was dishonored. The makers had not and have not paid it. This fact is not shown by any direct categorical testimony, but the non-payment by them was assumed throughout the trial and there is abundant evidence in the case to justify the jury's finding that the note has not been paid either by the makers or by the defendant. But assuming presentment and dishonor, the defendant says that no sufficient notice thereof was seasonably given to him.

The note fell due October 4, 1928. It was dishonored. Notice was duly received by the plaintiff, the last endorser, on October 5. He had the following day to give notice to "antecedent parties," i.e., to Levine, the defendant. (Secs. 103 and 107.)

On October 6 the plaintiff went to the defendant's place of business in Waterville, rather late but evidently before the close of the defendant's business hours, taking with him two notes amounting together to $5,000, intended as a renewal of the note now in suit. The defendant refused to endorse and deliver the renewal notes unless the plaintiff would so endorse them as to become jointly and equally liable. This the plaintiff declined to do.

The testimony of both parties shows clearly that at this inter-

view the plaintiff informed the defendant that the note was at the Ticonic National Bank dishonored.

Thus the presentment and dishonor of the note are proved, also seasonable notice thereof to the defendant.

That the note was afterward and unseasonably, formally protested, is of no importance.

Such formal protest is not necessary to charge the endorser of a promissory note. Oral notice sufficient to "identify the instrument" and "indicate that it has been dishonored" is all that the law demands. (Sec. 96.) Such oral notice was given, or at all events the jury was justified in so finding.

The defendant's counsel cites and relies upon the opinion of Judge Walton in *Page* v. *Gilbert*, 60 Me., 488, in which he says:

"A notice to the endorser of a note, which merely informed him of the non-payment of the note and demands payment of him, without stating that payment has been demanded of the maker, or giving any legal excuse for not demanding it of him, is not sufficient to charge the endorser."

But the note in suit, unlike that in *Page* v. *Gilbert*, is payable at a bank. The significance and importance of this difference is stated by Chief Justice Shaw thus:

"If then, after the time of payment has elapsed (in case of a note payable at any bank and at maturity held by a bank) notice be given to the endorser, that the note is unpaid, it is notice that it is dishonored; whereas, in the case of a private holder, notice in the same words, that the note is unpaid, would not necessarily imply that it was dishonored because the fact might be strictly true, though the note had never been presented." *Gilbert* v. *Dennis*, 3 Met., 498.

The defendant testifies that when the note in suit was given and endorsed it was agreed that he, the defendant, and the plaintiff should be jointly and equally liable as endorsers. This testimony was disputed. The jury heard the parties and found this issue of fact in favor of the plaintiff. In this finding there is no manifest error.

*Motion overruled.*