MERCHANTS NATIONAL BANK v. A. H. CARPENTER ET AL.

February Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Searles & Graves* and *A. H. Carpenter* (of Stockton, Calif.) *pro se* for the defendant A. H. Carpenter.

*Porter, Witters & Longmoore* for the plaintiff.

MOULTON, J.   The note in suit is payable to the plaintiff bank at its place of business in St. Johnsbury, and is signed by Cutting and indorsed, waiving demand and notice, by Carpenter.   It was unpaid at maturity, and this action was brought against the maker and the indorser, and has resulted in a verdict and judgment against both of them.   Carpenter alone has filed a bill of exceptions and is hereinafter referred to as the defendant.

Upon argument it was found that the defendant's brief failed to point out with sufficient clearness the exceptions relied upon, and his counsel, by leave of court, filed a memorandum in which such exceptions were indicated.   Only these are given attention.

A motion for a directed verdict was made and denied, subject to the defendant's exception.   There were several grounds stated, but reliance is placed only upon the first, third, fifth, and sixth.   The first and sixth grounds are the same in substance, that there was no evidence of due presentment of the note at maturity.

An indorser's liability is conditioned upon the seasonable presentation of the note to the maker, and (what is not questioned here in point of fact) seasonable notification to him of the maker's default. *Grapes* v. *Willoughby,* 93 Vt. 458, 460, 108 Atl. 421; G. L. §§ 2935, 2939.   But where, as here, the note

is, by its terms, payable at a bank, there is under the Negotiable Instruments Law (G. L. Chap. 140, §§ 2941-2944) a sufficient presentment if the note is actually in the bank at maturity ready to be delivered to the person entitled to receive it upon payment. The act in this respect redeclares the rule which generally prevailed before its adoption. *Nickell* v. *Bradshaw*, 94 Ore. 580, 183 Pac. 12, 11 A. L. R. 623, 630; *Rosenthal* v. *Levine*, 128 Me. 447, 148 Atl. 675, 676; *Engen* v. *Medberry Farmers', etc., Co.*, 52 N. D. 410, 203 N. W. 182, 39 A. L. R. 915, 918; *Phillips* v. *Cunningham*, 148 Tenn. 164, 253 S. W. 354, 355; *De La Vergne* v. *Globe Printing Co.*, 27 Col. App. 308, 148 Pac. 923, 924; *Doherty* v. *First Nat. Bank*, 170 Ky. 810, 186 S. W. 937, 938; *Farmers', etc., Bank* v. *Gordon*, 200 Wis. 5, 227 N. W. 234, 235; and see annotations, 11 A. L. R. 976, 50 A. L. R. 1201, and Brannan, Negotiable Instruments Law (4th ed.) 652.

No witness testified that the note was in the bank upon the day of maturity. But this was not necessary, because in the absence of proof to the contrary, it will be presumed that it was so. *Commercial Trust Co.* v. *New England Macaroni Co.*, 247 Mass. 366, 141 N. E. 285, 286. Moreover, it is not disputed that the note was there on March 10, 1931, five days before it became due. We will infer that a particular fact continues to exist as long as such fact usually, as a matter of experience, continues to exist (*Smith* v. *Martin*, 93 Vt. 111, 129, 106 Atl. 666), and such inference may safely be drawn here, and thus afford a basis upon which the jury, acting reasonably, might find that the instrument continued to remain in the bank until it matured. There was no error in the denial of the motion upon this ground.

The third and fifth grounds of the motion are, respectively, "that upon all the evidence the plaintiff is not entitled to recover" and "that the plaintiff has failed to prove that plaintiff's 1 (the note) is a subsisting obligation of the defendant A. H. Carpenter." In support of these grounds it is argued that the evidence showed that the note had been paid by giving another note in renewal, and that there was fraud on the part of the plaintiff. Neither of these contentions is available. The rule is that a motion for a directed verdict must point out the precise grounds upon which it is predicated. *Grapes* v. *Willoughby, supra; De Nottbeck* v. *Chapman*, 93 Vt. 378, 379, 108

Atl. 338; *Castonguay* v. *G. T. Ry. Co.*, 91 Vt. 371, 375, 100 Atl. 908. Those stated here are altogether too general to raise any question for our consideration. *Stoddard & Son* v. *Village of North Troy*, 102 Vt. 462, 470, 150 Atl. 148; *Porter Screen Co.* v. *C. V. Ry. Co.*, 92 Vt. 1, 6, 102 Atl. 44. It does not appear on the record that the court had in mind the specific claims which are now made, and so the rule in *Wentworth* v. *Town of Waterbury*, 90 Vt. 60, 64, 96 Atl. 334, does not apply. But, as will appear in the discussion of the next two exceptions, there was evidence which warranted the submission of both of these issues to the jury.

The defendant claimed that the note in suit had been paid by another note, signed by him as maker, and sent to the plaintiff about two months after the dishonor of the former instrument. The second note bore upon its back a notation, placed there by the defendant, to the effect that it was given under protest. The plaintiff declined to accept it, and sent it back to the defendant inclosed with an explanatory letter, by registered mail. It was returned to the plaintiff, unopened, with a post office stamp upon it to the effect that the addressee refused to receive it. The letter stated that the new note was unsatisfactory because the notation was upon it, and because it was incorrect in amount, and was received in evidence, subject to defendant's exception on the ground that it was self-serving. But this objection, which is the only one considered, is not sound, for the letter gave the reason for the nonacceptance of the note, and this was material as meeting the claim of payment. It was not the plaintiff's fault that the notice was not received by the defendant.

The note in suit was a renewal, or rather a consolidation, of several smaller notes signed by Cutting and indorsed by the defendant. Two exceptions, rather obscurely briefed together, relate to the admission in evidence of two of the notes. The first is a conditional sale note for $285 given for the purchase price of certain machinery to Harry H. Carr and by him deposited in the plaintiff bank. The second is a later note for $704, payable to the plaintiff. The plaintiff's evidence tended to show that the Carr note was not paid when due, and was then combined with other indebtedness and included in the note for $704 which, after several renewals, became a part of the note in suit. In his brief the defendant

344

questions the genuineness of his signature on the indorsements, but since this was not the objection made below, we do not consider it here. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394. He also claims that there were other notes given to Carr, which were not indorsed by him, and that, to obtain his signature to the note for $704, the plaintiff falsely represented that he had indorsed one of them and was liable thereon. But the evidence tended to show that only one Carr note for $285, which was the conditional sale note, had been passed through the bank, and that after the execution of the note for $704, the sum of $285 was credited to Carr's account. It was fairly to be inferred that whatever representations were made had reference to the conditional sale note. There is, therefore, no merit in the contention that the two notes should have been excluded because it conclusively appeared that the indorsement of the second one had been obtained by fraud.

An exception was taken to the failure of the court to submit to the jury the issue of the alleged fraudulent representations by the plaintiff, in obtaining the defendant's indorsement. Thereupon a supplemental charge covering the subject was given, which was apparently satisfactory to the defendant, for no exception was taken by him. So the error, if any, was cured. *Hambleton* v. *U. Aja Granite Co.,* 96 Vt. 199, 204, 118 Atl. 878.

An exception was taken ''to the failure of the court to instruct the jury that the making of an untrue representation as a matter of knowledge, when the person making the representation did not possess the knowledge which he represented he had, is actionable, although the person making the representation did not actually know it to be false.'' The charge upon this point, as given, was that in order to establish the claim of fraud, among other elements, ''the bank must have known the statements to be false when made, or, what amounts to the same thing, must have made them as of the bank's own knowledge without in fact knowing them to be true.'' This was a substantial compliance with the request (if the exception is treated as such), and was all that was required. *Barber's Admr.* v. *Bennett,* 62 Vt. 50, 59, 19 Atl. 978. The matter was adequately covered and the defendant's rights amply protected. *State* v. *Stacy,* 104 Vt. 379, 160 Atl. 257, 270. There is no merit in this exception.

All the questions raised have been considered, and no error is perceived.

*Judgment affirmed.*