F. CHAFFEE'S SONS v. ESTATE OF J. W. BLANCHARD.

February Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Lindley S. Squires* and *Stickney, Sargent & Chase* for the defendant.

*Marvelle C. Webber* and *Jones & Jones* for the plaintiff.

MOULTON, J. The commissioners appointed by the probate court allowed two promissory notes as claims against the estate of John W. Blanchard, deceased. An appeal was taken to the

county court, where the case was heard, without a jury, and, after finding of facts had been made, judgment was entered for the plaintiffs. The controversy is before us on the appellant's exceptions.

According to the finding, the two notes were executed by the decedent, for value received, and made payable on demand to the order of the plaintiffs. The first is for $31,175.75, and bears date of March 26, 1913. There are three indorsements of interest, the last one being dated December 31, 1921. The second note is for $250, and is dated December 22, 1913. There are no indorsements upon it. Both notes were kept by the plaintiffs in their office safe. On March 23, 1921, the decedent came to the plaintiff's office and wrote on the back of each of the notes the following: "Renewed Mar. 23-1921 J. W. Blanchard," and, at his request, Mrs. A. M. Burr, an employee of the plaintiffs, witnessed his signature by writing, in each instance, the words, "Witness, A. M. Burr." The notes were then handed back to the plaintiffs and kept by them. The decedent died on October 9, 1930. At the time of the judgment there was due and unpaid on the indebtedness represented by the notes the sum of $69,725.77 and the court found for the plaintiff to recover this amount.

 Several exceptions were taken to the finding of facts, but only one is briefed. Consequently the others are waived. *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670. This exception is as follows: "The appellant excepts to the finding of the court 'for the plaintiff to recover the sum of $69,725.77 on the ground that such finding is against the evidence, the weight of the evidence and unsupported by the evidence.'" The claims that the finding was against the evidence and against the weight of the evidence (which mean the same thing) were addressed to the discretion of the trial court, which is not reviewable, in the absence of an abuse thereof. *Manley Bros.* v. *B. & M. R. R.,* 90 Vt. 218, 222, 97 Atl. 674. This is so because the weight of the evidence is for the triers of fact to determine. *Merchants Bank* v. *Carpenter,* 105 Vt. 339, 165 Atl. 909, decided at the present term. The reason given in support of the exception is that the statutory period of limitations has run since the renewal of the two notes. The statute was pleaded, and so the issue is fairly before us. The question is whether the rights of the parties are to be governed

by the provisions of G. L. 1849, by which an action of contract must be commenced within six years after the right of action accrues, or by the provisions of G. L. 1853, by which an action upon a promissory note signed in the presence of an attesting witness must be brought within fourteen years after the right of action accrues.

■ ■ In *Daggett* v. *Daggett*, 124 Mass. 149, the maker of a promissory note, then due and unpaid, wrote upon the back of the instrument, ''I renew the within note,'' and signed his name in the presence of an attesting witness. It was held that this phrase imported, not merely an acknowledgment that the note was unpaid, but a new promise to pay the amount of it, and that this new obligation was ''a promissory note signed in the presence of an attesting witness,'' under the Massachusetts statute, which, in this respect, is the same as ours. The common meaning of the word ''renew'' was said to be to make again, as to renew a treaty or a covenant, and this is in general accord with *Quinn* v. *Valiquette*, 80 Vt. 434, 443, 68 Atl. 515, 518, 14 L. R. A. (N. S.) 962, where the word is defined as, ''to make over; to re-establish; to rebuild.'' No difference in principle is perceived between *Daggett* v. *Daggett* and the present case. The phrase ''I hereby renew the within note'' and the word ''renewed,'' are, in legal effect, the same. It is true that the statutory period of six years had elapsed when the memorandum was written on the $250 note, while, on the larger note, the last indorsement of interest was within that time. But this distinction is immaterial. A new promise will revive the right of action whether made before or after the statute has run. *Carlton* v. *Ludlow Woolen Mill*, 27 Vt. 496, 499. It follows that each of the notes was ''signed in the presence of an attesting witness'' within the meaning of G. L. 1853, and that the period of fourteen years, as provided therein, had not expired since the cause of action, based upon the new promises, accrued.

■ The claim is also made that there was no evidence that the decedent intended to make a new note or that the plaintiffs understood or believed that he had done so. But we are concerned only with the legal effect of the decedent's act in signing the memorandum as he did, and what, if anything, the parties intended or understood is not material here. See *Clement* v. *Bank of Rutland*, 61 Vt. 298, 304, 17 Atl. 717, 4 L. R. A. 425.

The evidence amply supported the finding, and certainly there was no abuse of discretion.

In briefing the same exception the appellant argues that, if the notes are held to be witnessed, the complaint is not sufficient to allow a recovery for them. But it is enough to say that this objection is not available under an exception which challenges only the quantum of evidence upon which a finding is based.

Some time after the evidence was closed, and before the finding of facts had been filed, the appellant moved to re-open the case and for leave to file an amended answer, alleging the payment of the two notes by the execution and delivery of a third note, and to introduce evidence bearing upon this issue. The motion was supported by the affidavit of S. Wayne Terrill, who deposed that during the late winter of 1930 or early spring of 1931 he called at the office of the plaintiffs, and while there, Newman K. Chaffee, one of the plaintiffs, exhibited to him a demand note dated in March, 1931, for thirty-seven thousand and odd dollars payable to the plaintiffs and signed by the decedent, upon the back of which there was no writing except the cancellation of the revenue stamps. In opposition to the motion there was filed an affidavit by Newman K. Chaffee, in which he stated that he showed to S. Wayne Terrill the larger of the notes in suit, and, to the best of his knowledge, the smaller one also; and that there was not in existence, at that or any other time, such a note as the one described in the Terrill affidavit. Mrs. Burr executed an affidavit in corroboration. The motion was denied and the appellant excepted.

The appellant concedes that the ruling was one resting in the court's discretion, but insists that there was an abuse of it. We think not, however. The vague description of the note, the fact that the amount of it did not correspond to the sum then due on the notes in suit and the categorical denial by the opposing affiants, were circumstances which were quite sufficient to justify the court in believing that the existence of the third note was apocryphal, and in denying the motion.

*Judgment affirmed. To be certified to the probate court.*