WILLIAM McSHANE *vs.* GEORGE A. DINGLEY.

Cumberland.     Opinion, April 20, 1934.

*Eugene F. Martin,* for plaintiff.
*Berman & Berman,* for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, HUDSON, JJ.

DUNN, J.   In the reference of this case, under a rule by the Superior Court, the right to except as to questions of law was re-

served. The referee found for the plaintiff and so reported. The defendant filed in the court of the referee's appointment, written objections to the acceptance of the report, but the objections were overruled, and the report accepted as the basis for a judgment. An exception was allowed the defendant.

There was little or no contention at the hearing before the referee as to the factual situation. Indeed, the relevant facts were virtually admitted. What was actually in issue was the law.

And now, when the exception to the acceptance of the report comes in question, the test of the value of that exception is whether, as a matter of law, such acceptance was vitally harmful to the defendant.

The action is on a promissory note made by Dingley's, Inc., to the order of the plaintiff, and indorsed in blank before delivery by three individuals, the defendant being the last indorser. The note was given March 4, 1932, for $1000, on one year, with interest. The day of maturity, March 4, 1933, fell on Saturday. Under the Negotiable Instruments Act, the note was presentable for payment on the next succeeding business day; that is, March 6, 1933. R. S., Chap. 164, Sec. 85.

The note was, by its terms, payable at any bank in Portland. This afforded the holder the right to elect the bank in that city at which the instrument should be presented in order to charge the indorser. *Kerr* v. *Dyer*, 116 Me., 403, 102 A., 178. The stipulation of the place of payment is for the accommodation of the payee. Daniel on Negotiable Instruments, Sec. 716. Choosing the Casco Mercantile Trust Company, the plaintiff left the note there, prior to March 4, 1933, for collection.

When March 4th came, the Casco Mercantile Trust Company did not open for business, nor did it on Monday, March 6th, nor on Tuesday, March 7th; the reason why will be stated presently.

On March 4, 1933, serious conditions prevailed to common knowledge in banking circles; the people were restive as they never had been under economic distress; there was apprehension of mass movements in directions which the actors would not stop to comprehend; alarming incidents succeeded themselves; the very financial structure of the State was threatened. The Governor, on his

own initiative, declared that day, and Monday, March 6, 1933, bank holidays.

On the next day, the Legislature, recording its approbation of the previous action of the Executive, essayed ratification and confirmation thereof; and, itself recognizing the existence of an emergency concerning public economy, passed an act, which the Governor approved, designating the day of the enactment of the law, that is, Tuesday, March 7, 1933, and the two days next following, banking holidays. Laws of 1933, Chap. 21. Banking being a business of public character, it is properly subject, within rational limits, to statutory regulations to protect the public welfare. *Wedesweiler* v. *Brundage*, 297 Ill., 228, 130 N. E., 520; *Sneeden* v. *City of Marion*, 64 F. (2d), 721; *Allen* v. *Prudential Trust Co.*, 242 Mass., 78, 136 N. E., 410; *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass., 95, 136 N. E., 403.

The note remained in the bank, unpaid, until March 7, 1933. The plaintiff then repossessed it. He had, to quote the referee, "the idea of collecting a dividend from the maker." No collection, it is fair inference, was made. The referee definitely states that the note was not, at this time, presented to the maker. The payee (plaintiff) did, however, on that day, inform the indorser (defendant), orally, that the note had not been paid. On March 11, 1933, the payee again likewise informed the indorser that payment had not been made. On March 20, 1933, the note was returned to the bank for protest.

The referee held that, notwithstanding "the informal bank holidays . . . and the attempted ratification thereof," the note was properly presented for payment on Monday, March 6th, "by being in the said bank on March 4th and March 6th."

The referee also held that notice of dishonor given by plaintiff to defendant on March 7th, (one of the legislative holidays), was legally sufficient. He cited *Rosenthal* v. *Levine*, 128 Me., 447, 148 A., 675, and noted that that decision ruled this phase of the controversy.

Objections to the acceptance of the report of the referee were, in brief: (1) That custody of the note by a bank which, both on Saturday, the day of maturity, and the next succeeding business day,

was closed against business, because of the gubernatorial proclamation, was not a presentment which put the note in dishonor; (2) that, in any event, withdrawal of the note by the payee from the bank, on March 7th, was premature, and that the spoken words of the payee were therefore ineffectual to fix the liability of the indorser.

These are the matters to be adjudged. The decision of anything else is not called for by the record. The objections made no other point.

It suffices, in this case, to say that the exception does not measure to the requirement of the law. The fact that the bank was closed did not affect the sufficiency of the presentment for payment. *Berg* v. *Abbott*, 83 Pa. St., 177, 24 Am. Rep., 158; *Schlesinger* v. *Schultz*, 96 N. Y. S., 383. Notice of dishonor, though given on a holiday, is held competent. *Deblieux* v. *Bullard*, 1 Rob. (La.), 66, 36 Am. Dec., 684. The indorser may not complain if he has received notice earlier than might, in strictness, have been required. *Farmer* v. *Rand*, 16 Me., 453.

The indorser's liability having been fixed, and he made, as to the holder of the note, a principal-debtor, that status was not changed merely by being told, on March 11th, for the second time, that payment of the note had not been made, nor by formal protest of the note on its return to the bank on March 20th. *Rosenthal* v. *Levine*, supra.

In accepting the report of the referee, and ordering the entry of judgment thereon, the judge did not err.

*Exception overruled.*