Robbins, J.
This is an action of contract by the assignee of a note against the accommodation indorsers, with a declaration alleging presentment upon the maker and notice of dishonor to the indorsers. The answers were general denials and certain other allegations not now material.
The only issue in this case is whether or not a sufficient demand for payment was made upon the maker of the note. The evidence presented at the trial relating to this question showed that on April 1, 1931, one Papy was indebted to the 'Consolidated Manufacturing Company for $117.00, being the balance due on a note payable at the Hadley Falls Trust Company, at Holyoke; that as a result of negotiations it was agreed that said Papy should make, and the *204 defendants should indorse, a new installment note in the same amount and payable to the Consolidated Manufacturing Company; that it was also then agreed that payment of this note was to be made at said Hadley Falls Trust Company; and that the note thereupon delivered contained no mention of a place of payment. This action is brought on this note by the assignee of the Consolidated Manufacturing Company who assigned the note after maturity.
It further appeared that before each payment was due, the note was sent to the Hadley Falls Trust Company, and the maker was notified beforehand, at the time each installment became due, that the note was being presented at that trust company, and on each of these times the maker made no objection. The evidence also showed that on every such payment date the payee’s attorney telephoned said trust company and found that the note was there the whole of said business day but that payment had not been made; and that on each of these days this attorney telephoned to the defendant, Paul Jed, telling him of the non-payment or dishonor at the bank, and on the same day sent to both defendants notices of dishonor. The testimony was that no objection to the place of presentment was made by the defendants.
The defendants filed seven requests for rulings and all but the fifth and seventh were granted. These requests were as follows:
“5. Where a negotiable note does not have upon its face a place where payment is to be made, then the place of business or residence of the maker is the place where payment is to be made and not elsewhere.
7. Where no particular place of payment is designated in a note, it is necessary in order to charge an indorser to present the same either to the maker personally, or at his residence, or usual place of business, if he has one and it is known or can be ascertained by the exercise of reasonable diligence.”
*205 The court granted these two requests but with the.additional ruling that the parties may agree upon a place of payment where none is set out in the instrument, and found that the note in suit was presented for payment at the place agreed on by the parties thereto.
The defendants claim to be aggrieved by the rulings and refusals to rule as requested.
G-eneral Laws Chapter 107 (Negotiable Instrument Law) §96, clause 3, provides that presentment for payment is made at the proper place:
“Where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment”.
It is to be noted that this clause while pointing out a proper place for presentment, does not in terms exclude other places from being proper places therefor.
It has been held by our Supreme Judicial Court that our Negotiable Instrument Act does not cover the whole field of negotiable instrument law. South Boston Trust Company v. Levin, 249 Mass. 45, 47; Commercial Trust Company v. New England Macaroni Manufacturing Company, 247 Mass. 366, 369; Union Trust Company v. McGinty, 212 Mass. 205, 206. It, therefore, is proper to examine the common law to see if it throws any light on the issue in this case, for if there are cases which decide matters not comprehended within the terms of the Negotiable Instrument Law, those cases are the law today.
The case of State Bank v. Hurd, 12 Mass. 171 holds that where there was an agreed place for presentment, the necessity for resorting to the maker’s house or place of business was removed. This case was cited in Gilbert v. Dennis, 3 Met. 495, 505.
*206 In the case at bar there was an agreement as to the place of presentment made before the note was drawn, and this agreement was then known to the defendants; later, and after the note was made, this agreement was affirmed by the words and acts of all parties to the note. We are of the opinion that the Negotiable Instrument Law is not contrary to the validity of such an agreement, and that under the common law it was a binding agreement. The presentment at the Hadley Falls Trust Company was therefore a proper presentment. The report is to be dismissed.